UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAMELA L. FARRELL,

              Plaintiff,

    -v-

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

              Defendant.
_____

16-CV-509-LJV-MJR
REPORT AND RECOMMENDATION

      This case has been referred to the undersigned by the Hon. Lawrence J. Vilardo pursuant to 28 U.S.C. §636(b)(1) for all pre-trial matters and to hear and report upon dispositive motions. (Dkt. No. 9). Before the Court is the Acting Commissioner of Social Security's (the "Commissioner's") motion to dismiss plaintiff Pamela L. Farrell's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 8). For the following reasons, it is recommended that the motion be denied.

## BACKGROUND

      Farrell applied for disability insurance benefits under the Social Security Act in 2009. (Dkt. No. 17-1 ¶1). Her claim was denied at the administrative level, and in 2012, she brought suit against the Commissioner seeking judicial review of that denial. *See Farrell v. Astrue*, Case No. 12-CV-240-RJA-LGF. Farrell and the Commissioner entered into a stipulation for remand, and the Hon. Richard J. Arcara ordered that the case be remanded to the Commissioner for further administrative proceedings. *Id.* Upon remand, Administrative Law Judge William M. Weir (the "ALJ") issued a decision

---

[1]    Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is automatically substituted for the previously named defendant Carolyn W. Colvin. The Clerk of Court is directed to amend the caption accordingly.

on August 3, 2015 denying Farrell's claim for benefits. (Dkt. No. 17-4 at 16-41). The ALJ's decision was accompanied by a Notice of Decision advising Farrell of the following: (1) she has thirty days from her receipt of the Notice of Decision to file "written exceptions" with the Appeals Council or to request an extension of time from the Appeals Council to file exceptions; (2) if she does not file exceptions and the Appeals Council does not review the ALJ's decision on its own accord, the ALJ's decision will become the final decision of the Commissioner sixty-one days following the date of the Notice of Decision; (3) after the ALJ's decision becomes the final decision of the Commissioner, she will have sixty days to file a new civil action in federal district court seeking judicial review of the decision; and (4) if she does not file a civil action within this period, she will lose the right to judicial review. (*Id.* at 16-18).

On September 2, 2015, Farrell's counsel at the administrative level, Kelly Laga-Sciandra, wrote the Appeals Council a letter requesting an extension of time to file exceptions to the ALJ's decision. Ms. Laga-Sciandra's letter states:

> Please be advised that I am the appointed representative for the above-referenced claimant. <u>I hereby request an extension to file the exceptions</u> of the denial of the disability claim by an Administrative Law Judge in the decision dated August 3, 2015. Please respond in writing to notify me of any extension granted.
>
> Thank you for your attention to this matter.

(Dkt. No. 17-3) (underline in original)). By letter dated October 27, 2015, the Appeals Council advised Farrell's counsel that she may have an additional thirty days to file exceptions. (Dkt. No. 17-4 at 43-44). The letter went on to state, however, that the Appeals Council would make a "decision" regardless of whether she submitted "more

information" within this thirty-day period.  (*Id.*).  The Appeals Council's letter states, in relevant part:

> The Appeals Council grants your request for more time to send us written exceptions explaining the reasons you disagree with the Administrative Law Judge's decision dated August 3, 2015.
> . . .
> If you have exceptions, you must send them to us within 30 days of the date of this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.  We will not allow more time to send exceptions except for very good reasons.
> . . .
> If we do not hear from you within 30 days, we will assume that you do not want to send us more information.  We will then make our decision.

(*Id.*).  Farrell did not file "exceptions" or "more information" within the thirty-day period provided for in the Appeals Council's letter.  By letter dated April 22, 2016, the Appeals Council notified Farrell's counsel that she failed to submit exceptions to the ALJ's decision, and, as a result, the ALJ's August 3, 2015 decision is the final decision of the Commissioner.  (Dkt. No. 17-5).  The letter does not advise Farrell of any right she might have to bring suit in federal district court, and its clear implication is that Farrell has waived judicial review of the Commissioner's decision denying her benefits claim because the time to file a civil action has expired.

Ms. Laga-Sciandra has submitted an affirmation to the Court stating that she intended her September 2, 2015 letter "to request exceptions on [Farrell's] behalf, and to reserve the right to supplement those exceptions with a written brief or evidence to further support the claim."  (Dkt. No. 17-2 ¶¶3-4).  Ms. Laga-Sciandra further states that she interpreted the second-to-last paragraph of the Appeals Council's October 27, 2015

letter, "If we do not hear from you within 30 days, we will assume that you do not want to send us more information. We will then make our decision," to mean that the Appeals Council had in fact deemed her September 2, 2015 letter to be exceptions to the ALJ's decision, and that it would review any supplemental information she might provide to it before making a decision on the merits. (*Id.* ¶¶5-6). Based on the foregoing, Farrell contends that it was reasonable for her not to file exceptions or more information with the Appeals Council after she received its October 27, 2015 letter, and that she appropriately waited to receive a "decision" from the Appeals Council — *i.e.*, the Appeals Council's April 22, 2016 letter — before commencing the instant action.

The Commissioner provides a much different interpretation of Farrell's counsel's September 2, 2015 letter and the Appeals Council's October 27, 2015 letter. The Commissioner argues that Farrell's counsel's September 2, 2015 letter requests nothing more than an extension of time to file exceptions, and that the Appeals Council's October 27, 2015 letter simply grants this extension request. Thus, according to the Commissioner, Farrell should have filed exceptions to the ALJ's decision within thirty days of her receipt of the October 27, 2015 letter, and because she failed to do so, the ALJ's August 3, 2015 decision became the final decision of the Commissioner sixty-one days later, on October 5, 2015.[2] Farrell then had sixty days from that date, until December 4, 2015, to file a new civil action in federal district court, but she missed this deadline and did not commence the instant action until June 21, 2016.[3] (Dkt. No. 8-1).

---

[2] The sixty-first day after the ALJ issued his decision is October 3, 2015, a Saturday. The ALJ's decision thus did not become the final decision of the Commissioner until the following Monday, October 5, 2015. *See* 20 C.F.R. §404.3(b).

[3] The Commissioner actually states that the ALJ's decision became the final decision of the Commissioner sixty-one days after Farrell *received* the ALJ's August 3, 2015 decision, and Farrell is presumed to have received the decision five days after the date of the decision. (Dkt. No. 8-1 at 3). Courts have held, however, that the five-day grace period for receiving a decision does not apply to an

- 4 -

After the Commissioner filed the instant motion to dismiss Farrell's complaint, Farrell's federal court counsel, Kenneth Hiller, wrote the Appeals Council a letter on November 11, 2016 setting forth exceptions to the ALJ's decision and requesting that it either grant her exceptions or allow her additional time to file suit in federal court. (Dkt. No. 17-6). By letter dated March 10, 2017, the Appeals Council denied Farrell's request for the following reasons:

> Under our rules, we may extend the time to file a civil action if you have a good reason for filing late.
>
> You stated that you could not file on time because you believed that your letter dated September 2, 2015, requesting an extension of time to file exceptions, would be considered as written exceptions. In a notice dated October 27, 2015, we granted your request for more time, but you did not send us written exceptions within the timeframe granted. On April 22, 2016, we sent you a notice confirming that because you did not send us any exceptions within the timeframe granted, we found that you did not send us exceptions.
>
> After considering the facts in this case, we find no reason under our rules to extend the time to file a civil action. Therefore, we have denied your request for more time.

(Dkt. No. 17-7). After she received this letter, Farrell filed her opposition to the Commissioner's motion to dismiss.[4] (*See* Dkt. No. 17). The Court heard oral argument on the motion on May 11, 2017. At oral argument, defense counsel stated that the second-to-last paragraph of the Appeals Council's October 27, 2015 letter, "If we do not hear from you within 30 days, we will assume that you do not want to send us more

---

ALJ decision issued after remand. *See Guidry v. Colvin*, No. 16-47-RLB, 2016 WL 6540450, at *4 (M.D. La. Nov. 2, 2016).

[4] The Court extended Farrell's time to respond to the Commissioner's motion to dismiss until she received the Appeals Council's response to her counsel's November 11, 2016 letter. (Dkt. Nos. 11, 13, 15).

information. We will then make our decision," is an "error," and it should not have been included in the letter.

## DISCUSSION

A motion to dismiss on statute of limitations grounds is generally treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim, not a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See Cole-Hill ex rel. T.W. v. Colvin*, 110 F. Supp. 3d 480, 483 (W.D.N.Y. 2015). "When determining the sufficiency of [a] claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in [the] complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). Under this authority, the Court may consider the declarations, affirmations, and exhibits submitted by the Commissioner and Farrell in deciding whether Farrell's complaint should be dismissed on statute of limitations grounds. *See Bender v. Astrue*, No. 09-CV-5738(KAM), 2010 WL 3394264, at *3 n.1 (E.D.N.Y. Aug. 23, 2010) (considering parties' declarations and exhibits in deciding Rule 12(b)(6) motion to dismiss the complaint on statute of limitations grounds).

I. *Timeliness*

It is well settled that the United States is immune from suit without its consent. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Section 205(g) of the Social Security Act, pursuant to which Farrell brings her action for review of the Commissioner's denial of her claim for disability insurance benefits, provides the

requisite consent to be sued. 42 U.S.C. §405(g). Under the Act, an individual may obtain review of the Commissioner's final decision made after a hearing to which she was a party by commencing a civil action within sixty days after the mailing to her of notice of the decision or within such further time as the Commissioner may allow. *Id.* An ALJ's decision following remand by a federal court becomes the Commissioner's final decision sixty-one days later, unless the claimant timely files exceptions to the decision with the Appeals Council or the Appeals Council assumes jurisdiction on its own accord. 20 C.F.R. §§404.984(b)-(d). Exceptions (or a request for an extension of time to file exceptions) must be filed within thirty days of the claimant's receipt of the ALJ's decision. *Id.* §404.984(b)(1). Exceptions consist of "a written statement to the Appeals Council setting forth [the claimant's] reasons for disagreeing with the decision of the administrative law judge." *Id.* If no exceptions are filed and the Appeals Council does not assume jurisdiction on its own motion within sixty days of the ALJ's decision, then the ALJ's decision becomes the final decision of the Commissioner sixty-one days later, and the claimant then has sixty days from that date to commence a new civil action in federal district court. *See id.* §§404.984(c)-(d); 42 U.S.C. §405(g); *Avila v. Comm'r of Soc. Sec.*, No. 15-cv-2456(JGK), 2016 WL 1562944, at \*2 (S.D.N.Y. Apr. 18, 2016).

Here, the ALJ issued his decision on August 3, 2015, and on September 2, 2015, Farrell asked the Appeals Council for an extension of time to file exceptions to the ALJ's decision. The Appeals Council's October 27, 2015 letter granted Farrell's extension request, but Farrell failed to file written exceptions within thirty days because the Appeals Council's letter misled her to believe that her September 2, 2015 letter

constituted exceptions and that she did not have to take any further action until she heard back from the Appeals Council. The Appeals Council did not assume jurisdiction over Farrell's claim on its own motion within sixty days of the ALJ's decision. As a result, the ALJ's August 3, 2015 decision became the final decision of the Commissioner sixty-one days later, on October 5, 2015, and Farrell had sixty days from that date, until December 4, 2015, to commence this action. Because Farrell did not commence this action until June 21, 2016, it is untimely. *See Avila*, 2016 WL 1562944, at *2.

## II. *Equitable Tolling*

The statute of limitations found in Section 205(g) of the Social Security Act, 42 U.S.C. §405(g), is subject to equitable tolling. *See Bowen v. City of N.Y.*, 476 U.S. 467, 480 (1986). "[G]iven the nature of social security, equitable tolling of the limitations period is 'not infrequently appropriate.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *New York v. Sullivan*, 906 F.2d 910, 917 (2d Cir. 1990)).[5] That said, "equitable tolling requires a showing of both extraordinary circumstances and due diligence," *id.*, and should be granted only "in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights," *Zerilli-Edelglass v. N.Y. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks, citations, and alterations omitted). Farrell has met her burden of showing exceptional circumstance and due diligence in favor of equitable tolling.

---

[5] In *Torres*, the Second Circuit ruled that the district court should have held a hearing to resolve the plaintiff's request for equitable tolling because the facts supporting his request were in dispute. 417 F.3d at 279-80. Unlike *Torres*, a hearing is not required in this case because the Commissioner does not dispute the facts underlying Farrell's request for equitable tolling, and the Court has deemed those facts to be true on the instant motion.

The Commissioner is required to give claimants adequate notice that reasonably conveys to them any required information. *See Laursen v. Massanari*, 164 F. Supp. 2d 317, 319-20 (E.D.N.Y. 2001).[6] The Appeals Council's October 27, 2015 letter fails to satisfy this basic requirement because it contains conflicting and erroneous information that caused Farrell to unwittingly allow the statute of limitations on her claim to expire. The first part of the Appeals Council's letter grants Farrell an extension of time to file exceptions, which creates the impression that Farrell had yet to file any exceptions with the Appeals Council. However, the second part of the Appeals Council's letter states that it will render a "decision" regardless of whether Farrell submits "more information." This language, which defense counsel acknowledged at oral argument is an error that should not have been included in the letter, misled Farrell into believing that she had already filed exceptions with the Appeals Council, and that she had to await a merits decision before seeking judicial review. Farrell should not be penalized for misinterpreting the conflicting information within the Appeals Council's letter. *See Cole-Hill*, 110 F. Supp. 3d at 484-85 (claimant's receipt of conflicting information regarding a filing deadline is a basis for equitable tolling). The Court finds that Farrell reasonably waited for a "decision" from the Appeals Council — *i.e.*, its April 22, 2016 letter — before commencing the instant action.

As for due diligence, Farrell has diligently pursued her disability insurance benefits claim since May 2009, when she first applied for benefits. Upon the initial denial of her application, she appeared before an administrative law judge for a hearing

---

[6] As the *Laursen* Court aptly stated: "It is well established that a claim of entitlement to social security benefits triggers due process protection. Adequate notice is an elementary and fundamental requirement of due process. It must be of such nature as to reasonably convey the required information. To that end, due process requires that the Commissioner give claimants notice reasonably calculated to apprise them of the pendency of action which may permanently affect their rights." 164 F. Supp. 2d at 319-20 (internal quotation marks, alterations, and citations omitted).

on her claim, appealed the administrative law judge's unfavorable decision to the Appeals Council, filed suit in federal district court after the Appeals Council declined to review the administrative law judge's decision, obtained a federal district court judgment remanding her case back to the Commissioner, attended another hearing on her claim before a second administrative law judge, and requested an extension of time from the Appeals Council to file exceptions to the administrative law judge's unfavorable decision, only to be misled by the Appeals Council's October 27, 2015 letter into believing that she had already filed exceptions and should await a "decision" before taking further action.  (Dkt. No. 17-1 ¶¶1-7).  After the Commissioner advised Farrell that she had never filed exceptions to the ALJ's decision, she commenced the instant action in federal court, requested an extension of time from the Appeals Council to file this action, and, after the Appeals Council denied her extension request, asked this Court to equitably toll the limitations period.  (*Id.* ¶¶9-12).  Given Farrell's diligent pursuit of her benefits claim for the last eight years, it would be unjust to terminate her claim on account of her counsel's reasonable reliance on an error in the Appeals Council's October 27, 2015 letter.  This is the rare case where equitable tolling of the statute of limitations is appropriate.  Farrell's complaint should thus be deemed timely filed.

## **CONCLUSION**

For the foregoing reasons, it is recommended that the Commissioner's motion to dismiss the complaint (Dkt. No. 8) be denied.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72.  Any requests for an extension of this deadline must be made to Judge Vilardo.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.***  See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law, and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."  ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

SO ORDERED.

Dated:	May 16, 2017
	Buffalo, New York

	*/s/ Michael J. Roemer*
	MICHAEL J. ROEMER
	United States Magistrate Judge